# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY ALLEN HOLDEN, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 08-211-JHP-SPS |
| WALTER DINWIDDIE, and OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on Defendant Walter Dinwiddie's motion to dismiss plaintiff's civil rights complaint. The court has before it for consideration plaintiff's complaint, Defendant Dinwiddie's motion, and plaintiff's responses. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking an amendment to his sentence and treatment for his addictions. The defendants are MACC Warden Walter Dinwiddie and the DOC.[1]

Plaintiff alleges he is being forced to live without treatment of his mental diseases of drug, alcohol, and sex addictions, in violation of the Eighth Amendment. He contends his

---

[1] To the extent Warden Dinwiddie is sued in his official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

sentences are too lengthy, and under DOC policy, he will not be eligible for treatment of his addictions until he is closer to his discharge date. He asks for immediate treatment of his addictions, with suspension of his sentences or an alternative form of confinement upon completion of the treatment programs. Plaintiff also complains he is not living in an appropriate environment, because drugs are prevalent inside prison.

Defendant Dinwiddie has filed a motion to dismiss, alleging plaintiff has failed to exhaust the administrative remedies for his Eighth Amendment claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). Proper exhaustion under the PLRA contemplates full compliance with all agency deadlines, including the deadlines enumerated in a prison's grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If communication with staff is unsuccessful, he may submit a Request to Staff within seven calendar days of the incident. If there is no answer to the Request to Staff within 30 calendar days, the inmate may file a grievance to the reviewing authority concerning the lack of response. If the response to the Request to Staff does not resolve the issue, the inmate then may file a grievance to the reviewing authority or facility correctional health services administrator, whichever is appropriate, within 15 calendar days of the incident, or the of date of the response to the Request to Staff, whichever is later. The reviewing authority may extend the submission period up to 60 days for good cause. The inmate may appeal the grievance response to the administrative review authority or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the grievance response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

Debbie Morton, Manager of the DOC Administrative Review Unit states by affidavit that she reviewed the offender grievance records, and determined that plaintiff had not submitted any type of grievance correspondence to her office. In addition, Mike Murray, Nurse Manager of the DOC Medical Services office, states by affidavit that he reviewed the offender medical grievance log, and the medical appellate review authority had not received any grievance appeals from plaintiff. The court, therefore, finds plaintiff has failed to exhaust the administrative remedies for his claims regarding treatment for his addictions and the conditions of his confinement, as required by 42 U.S.C. § 1997e(a).

Defendant Dinwiddie also alleges that, to the extent plaintiff seeks to modify his sentence, his claim is not grievable through the DOC Grievance Process or cognizable under

42 U.S.C. § 1983. A § 1983 cause of action is not the appropriate means for seeking equitable relief in the form of earlier release from confinement. Instead, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). To address any habeas corpus claims, plaintiff must file a separate, proper petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241, as appropriate.

**ACCORDINGLY,** Defendant Dinwiddie's motion to dismiss [Docket #14] is GRANTED, and this action is, in all respects, DISMISSED. All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this 23rd day of March 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma